Pee. Cueiam.
 

 The bill states, that James Yincent, about 1808, was * in the habit of depositing salt with the complainant in Gallatin, to be sold on commission-; that he sold the salt and accounted regularly for the proceeds, and at the close of the business had a final settlement, and discharged the whole balance that was due. But the defendant commenced a suit in the Circuit Court for a pretended balance, and recovered judgment for $196.
 
 *330
 
 The complainant, at the time of the trial, was absent on indispensable business, and his'youchers, which he had left for his counsel, in the hands of R. Boyers, were so mislaid as not to be had on the trial.
 

 The defendant answers that he deposited salt with the complainant, who sold it and accounted for part of the proceeds ; expressly denies any final settlement, or that there was any voucher to that effect, and states that the balance due was at least equal to the amount of the judgment.
 

 This being a matter of account it was referred to the clerk and master, to report a statement of the accounts between the parties, who several terms ago reported a balance due the complainant of $371. To this report exceptions were filed as being founded on insufficient testimony. The report was set aside and the cause again referred to commissioners, with directions that each party might examine the other, on interrogatories, and call on them to produce any papers in his possession material to the cause. The commissioners reported a statement of the accounts, with the evidence in detail, and a balance due the complainant of $212.52. The complainant again excepts to the report on the ground that it is not warranted by the evidence. First, that 6,237 lbs. of salt ought, not to have been charged against M‘Kain; secondly, that a greater credit than $224.37i ought to have been allowed to him. Each of these exceptions will be particularly examined.
 

 First,
 
 premising
 
 that neither the quantity of salt delivered, nor the amount paid, are stated either in * the bill or answer.
 

 Enos Vincent, a witness for the defendant, states, that he assisted in putting into wagons at different times 24 barrels of salt, weighing, agreeably to the marks, 6,930 lbs. net of salt, to be deposited with M‘Kain to sell for Vincent; that he was present when two or three wagon loads of the salt were delivered to M‘Kain; other witnesses prove that they saw salt delivered at several different times. The commissioners have charged the quantity before stated, after deducting 10 per cent, for probable loss of weight. The court cannot say that this charge is incorrect; the presumption certainly is. in favor of the report, and there is not any testimony offered to rebut that presumption, nor any account produced by the complainant to show the amount received.
 

 Secondly, the commissioners have allowed credit for $224.37J.
 
 *331
 
 If the complainant was entitled to further credits, it was incumbent on him to prove them. George House states that money was paid several times, once to the amount of $70, for which a receipt was given and that the parties settled the commissions five per cent, on the money paid, and for some salt which the complainant had used. The amount for which credit is given, appears to be from the testimony of E. Vincent, who states that he understood that the amount paid was $227.17J.
 

 Thirdly, the testimony cannot warrant a belief that a final settlement was made respecting the salt. Purvis, the complainant’s witness, says he was present at a settlement in 1809; that the accounts then produced were, $42.50 for the complainant’s attendance as a witness in a suit, between $10 and $12 for commissions for selling salt, and on the part of the defendant, an account for cider and whiskey. The calculation was made by the witness, and a balance was due to the defendant of $17.86f. That settlement was considered final as * to those accounts ex-liibited, and he did not understand whether or not the defendant had any other accounts against the complainant. E. Vincent states that he was present, and that no settlement was made about the salt, except the commissions on the money which had been paid. The sum here stated by Purvis, between $10 and $12, corresponds with the sum before stated to have been paid, allowing commissions at five per cent.
 

 Fourthly, the charge that the defendant took away the complainant’s vouchers, is not warranted by the testimony of E. Green, as alleged. Green says he heard Vincent say after the settlement, he had taken care to secure the vouchers he had produced at the settlement, but not a word is said respecting those of the complainant.
 

 The result of this inquiry is, that the first exception is not allowed
 
 ;
 
 the second is allowed. The verdict, from E. Vincent’s testimony, ought to have been $227.17^. The third and fourth exceptions are disallowed. It further appears from the testimony, that M‘Kean has not yet been allowed commissions except on the sums paid. He ought to have credit for $10.47 being five per cent, on $209.41^-, the balance of the price of the salt. These two sums will amount to $13.27, which deduct from the balance re^
 
 *332
 
 ported to be due, will leave $199.25, which is still $3.25 more than the judgment at law. The bill must therefore be dismissed.
 

 See
 
 Stothart
 
 v.
 
 Barnet,
 
 Cooke, 417; King’s Digest, 2047.